IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lorne Anthony Ajay George, #65471, ) | |
| ) | C.A. No.  3:05-3094-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Chief Investigator John Burnett, Chas. Co. ) | |
| Solicitors Office; Det. Paul L. Tittle, Chas. ) | |
| Co. Sheriff's Office; Attorney David P. ) | |
| Schwacke, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.[1]  Lorne Anthony Ajay George ("George"), a state pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  Magistrate Judge McCrorey found that Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), bars George from proceeding with the instant § 1983 action and recommended dismissing George's action without prejudice and without issuance and service of process.  George filed objections to the Report and Recommendation on November 21, 2005.

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that all but one of George's objections are not specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. George specifically objects that the Magistrate Judge erred in determining that his § 1983 action had not yet accrued, arguing that the state court conviction has already been invalidated as required by <u>Heck</u> and that he is attacking merely the invalidated conviction and the evidence presented in that trial, not the pending state court proceedings.[2]

If the state proceedings were concluded and George was not facing retrial, his objection might have merit. However, the Magistrate Judge found that <u>Heck</u> bars George's § 1983 action because success on the § 1983 action would necessarily invalidate the potential state court conviction. (Report and Recommendation 4-5.) In the § 1983 action, George alleges that the statements made at his first trial by one of the other defendants in the case, Jamar Chance, were false, were material, and that the prosecution knew or reasonably should have known that the statements were false. (Compl. 3.) In light of George's allegations, the court finds that <u>Heck</u> bars George from proceeding with the instant § 1983 action, as success on the action would necessarily invalidate the pending state court proceedings. Cf. <u>Ballenger</u>

---

[2]George was initially convicted after a jury trial on July 14, 1999. George filed an application for Post Conviction Relief ("PCR") in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit on January 4, 2003, and the court granted George's PCR application, ordering a new trial. <u>George v. South Carolina</u>, C.A. No. 03-CP-10-0185 (S.C. Ct. Common Pleas Apr. 13, 2004).

v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) ("It is only when [the practical consequence] required by logical application of the § 1983 judgment would not necessarily invalidate the underlying conviction that the § 1983 case can proceed.")  Therefore, George's objection is without merit.  Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.[3]

Therefore, it is

**ORDERED** that George's action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 2, 2005

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3]Additionally, George asserts that "the Court would do a disservice to these proceedings by failing to deter State actors from using badge [sic] of their authority to again deprive an individual of his federally guaranteed rights and by failing to provide relief to said individual where such deterrence has already failed by summarily dismissing the Plaintiff's complaint."  (Objections 4.)  George is obviously attempting to use the instant § 1983 action to interfere with the state's ongoing proceedings.  George has not explained why he cannot raise any argument before the state court to bar the introduction of allegedly tainted evidence.  Moreover, the policy of comity counsels that this court avoid interfering with state court proceedings when claims, such as the reintroduction of this evidence in the pending proceedings, can be addressed by the state court.  See Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003).